LEWIS S. REED, ADMINISTRATOR, &c., ET AL., v. FIRE-MEN'S INSURANCE COMPANY.

Submitted December 6, 1907—Decided February 24, 1908.

1. A plea may be pleaded to a part of a count in a declaration if that part be material and severable from the rest of the count.
2. A plea in bar which sets up matters that are not in discharge of the action, but are merely in mitigation of damages, is vicious.
3. A mortgage clause in a fire insurance policy provided that any loss or damage thereunder should be payable to specified mortgagees as their interest might appear, and that "this insurance as to the interest of the mortgagees only thereunder shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property." *Held,* that the mortgagees' rights were not affected by the failure of the insured to comply with a demand of the insurer for appraisers.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the demurrants, *Samuel A. Besson* and *Joseph M. Roseberry.*

*Contra, Leon Abbett.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon a fire insurance policy of $4,500, issued by the defendant company to one Ignatz Fabrikant, upon two adjoining buildings in the city of Hoboken. The risk was distributed by the policy as follows: Four thousand dollars on the buildings and $500 on the rents thereof. The plaintiffs are administrators of David T. Reed and James A. Reed, deceased, who held a mortgage upon the insured premises, and to whom, by the terms of the policy, any loss or damage thereunder was payable as their interest might appear. The plaintiffs aver in their declaration that the insured buildings have been totally destroyed by fire, and seek to recover both for the loss of the buildings and the loss of the rents thereof.

The first of the pleas demurred to avers that the plaintiffs ought not to have or maintain their action against the defendant for alleged loss of rents, because the buildings covered by the policy were not rendered untenantable by the fire referred to in the declaration, and concludes to the country. The ground of attack upon it is that it is not in bar of the action. It is true that the plea answers only so much of the plaintiffs' declaration as counts upon the alleged loss of rents by reason of the destruction of the insured buildings, but this does not render it objectionable. The rule in this regard is thus stated in *Grafflin* v. *Jackson,* 11 *Vroom* 440, 443: "A plea may be pleaded to part of a count if that part be material and severable from the rest, but it must, in such event, profess to answer that part only. A plea which professes to answer the whole count, and answers only a part, is bad." The plea now under consideration assumes to answer only that part of the declaration which avers the loss of rents by reason of the fire. The liability of the defendant for such loss is an independent one, under its contract, and that part of the declaration which counts upon such loss is severable from the rest of the plea. The demurrer to this plea must be overruled.

The second plea demurred to avers that the plaintiffs ought not to have or maintain their action for the alleged total destruction of the insured buildings, because said buildings

were not totally destroyed by fire. This plea is bad. The matter which it sets up does not go in discharge of the action, but merely in mitigation of damages. "A plea to damages merely is vicious. Matters in mitigation cannot be pleaded, and can only be given in evidence under the general issue." *Hopple* v. *Higbee,* 3 *Zab.* 342. The demurrer to this plea must be sustained.

The third of the pleas demurred to is grounded upon a clause of the policy which reads as.follows: "This company shall not be liable for loss caused directly or indirectly * * * by order of any civil authority." The plea avers that the "total loss and destruction" of the insured buildings was due to the order of the inspector of buildings of the city of Hoboken that they be razed to the ground, and that such order was made under and by virtue of the authority of an ordinance of the city which conferred upon the inspector power "to order the removal or demolition of any building or part thereof left standing after a fire, if in his judgment the same is dangerous and liable to fall, from its situation or condition, jeopardizing life and property." On this state of facts it prays judgment if the said plaintiffs ought to have or maintain their action against the defendant. Bearing in mind the elementary rule that each party's pleading is to be taken most strongly against himself, and most favorably to his adversary, the plea must be construed as showing a partial destruction of the insured buildings by fire, and their subsequent demolition by the building inspector under the authority of the ordinance cited. So construed it is apparent that the matter set up does not constitute a bar to the plaintiffs' action, but merely mitigates the damages. It therefore, like the preceding plea, comes under the condemnation of the rule in *Hopple* v. *Higbee, supra.* The demurrer to this plea must also be sustained.

The fourth of the pleas demurred to is rested upon the following clause of the policy: "This company shall not be liable beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings." The plea avers that the insured buildings were

only partially destroyed by fire, and that afterward they were razed to the ground by the inspector of buildings of Hoboken, under the authority of the ordinance hereinbefore referred to. This plea, like the two preceding ones, sets up a matter which merely goes in mitigation of damages, and for this reason the demurrer to it must be sustained.

The last of the pleas demurred to sets out that, by the terms of the policy, whenever any loss should occur, the amount of such loss should be ascertained by the insured and the company; that if they should differ, two appraisers should be appointed, one by each party, who should together estimate and appraise the loss, and should submit their differences to an umpire, to be selected by them; that the award, in writing, of any two of them should determine the amount of the loss; that the amount so determined should not become payable until sixty days after the making of the award, and that the company should not be held to have waived any provision or condition of the policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to such appraisal. The plea then contains an averment that after the occurrence of the fire the company and the insured differed as to, and could not agree upon, the amount of the loss; that the company thereupon demanded of the insured that an appraisal be made as provided in the policy; that the insured failed to comply with the demand, and that no appraisal of the loss or damage caused by the fire has ever been made. The question raised by the demurrer to this plea is whether the failure of the insured to comply with the demand of the company for the appointment of appraisers, resulting as it has done in the non-existence of an appraisal and award of the amount of loss occasioned by the fire, is a bar to the right of the plaintiffs, as administrators of the mortgagee, to recover. We think it is not. The mortgage clause of the policy, after declaring that any loss or damage under the policy shall be payable to David F. and James A. Reed as their interest may appear, provides that "this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-de-

scribed property." By force of this provision nothing which the mortgagor or owner does that the policy prohibits him from doing, and nothing which he leaves undone that the policy requires him to do, will invalidate it against the mortgagee. His right to recover on such a contract is the same as if he had taken out a separate policy, free from the conditions imposed upon the mortgagor or owner. The demurrer to this plea must be sustained.

The demurrants having succeeded in part and failed in part, no costs will be allowed to either party.